UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JUSTIN J. EDMISTEN, | Case No. 3:22-cv-00476-ART-CLB |
|---|---|
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 3) |
| v. | |
| KENDEN SLATTERLY, *et al.*, | |
| Defendant. | |

*Pro se* Plaintiff Justin Edmisten ("Edmisten") brings this action under 42 U.S.C. § 1983 suing Defendant Officer KenDen Slatterly. (ECF No. 1-1). Edmisten's Complaint asserts a claim for "false arrest" which directly relates to his underlying criminal case and conviction. (*Id.* at 2-6). Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 3), recommending that this action be dismissed and Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 1) be denied as moot. For the reasons explained below the Court adopts the R&R. Edmisten filed an Objection to the R&R. (ECF No. 4). Because the Court agrees with Judge Baldwin's analysis, the Court will adopt the R&R in full.

I. **BACKGROUND**

The Court incorporates by reference Judge Baldwin's recitation of Edmisten's allegations in his Complaint, (ECF No. 1-1), provided in the R&R (ECF No. 3) which the Court adopts.

II. **LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then

the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Edmisten filed his Objection. (ECF No. 4).

### III. DISCUSSION

In his one-page Objection, Edmisten notes that he understands his underlying criminal conviction needs to be "invalidated per 28 U.S.C. § 1495" but nonetheless requests an "accommodation" in this case due to perceived delays in his habeas proceeding. (ECF No. 4). The Court must overrule Edmisten's Objection because he attempts to challenge the validity of his underlying criminal conviction through a lawsuit brought under 42 U.S.C. § 1983.

When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of habeas corpus. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Edmisten argues that Defendant KenDen Slatterly arrested Edmisten without probable cause, leading to a criminal conviction. (ECF No. 1-1 at 2). Judge Baldwin recommended dismissal because it appears that Edmisten is challenging the constitutionality of his state court criminal conviction. Consequently, he must demonstrate that his conviction has been overturned to proceed in an action under § 1983. As Edmisten has not done so, his sole relief

2

is a habeas corpus action. Edmisten's Objection confirms that the R&R is correct. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Judge Baldwin's Report and Recommendation (ECF No. 3) is ACCEPTED AND ADOPTED IN FULL;

IT IS FURTHER ORDERED that the Clerk shall file Plaintiff's Complaint (ECF No. 1-1);

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND;

IT IS FURTHER ORDERED that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is DENIED AS MOOT;

IT IS FURTHER ORDERED that the Clerk of Court ENTER JUDGMENT accordingly and CLOSE this case.

DATED THIS 3rd Day of April 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE